**E. KENT WINWARD #5562**
**ABRAHAM SMOOT #12666**
**Attorney for Debtor(s)**
**4850 Harrison Blvd, Ste 1**
**Ogden, Utah 84403**
**Telephone: (801) 392-8200**
**Facsimile: (801) 392-2724**
utahbankruptcyfirm@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| In the Matter of: | Case No. 21-22711 |
|---|---|
| **Cameron Jensen,** **Angie Jensen** | Chapter 7 |
| | **Judge** Kevin R. Anderson |
| **Debtor(s)** | |

**MOTION TO CONVERT TO CHAPTER 13**

Debtors, through counsel and pursuant to Sections 706, hereby move the Court for an Order converting the Chapter 7 case to a case under Chapter 13. In support thereof, Debtor represents as follows:

1. Debtors filed a Chapter 7 petition on June 25, 2021.

2. The United States Trustee filed an adversary proceeding objecting to the Debtor's discharge, adversary number 22-02010 ("Adversary Proceeding").

3. Debtors, counsel for the Chapter 7 Trustee, and the United States Trustee's office negotiated a settlement of the Adversary Proceeding.

4. Debtors propose the following Chapter 13 Plan attached as Exhibit A to this Motion.

5. The Chapter 7 Trustee is entitled to file a priority claim for any administrative expenses incurred in the Chapter 7 case and paragraph 4.4 of the proposed Chapter 13 Plan provides for the payment of the Chapter 7 Trustee's administrative fees.

6. In the event that the Debtors are unable to confirm the plan or fail to complete the plan, the case will be converted back to a Chapter 7.

7. Debtors will execute a standard waiver of discharge provided by the United States Trustee. **PLEASE NOTE THAT THIS IS A WAIVER OF DISCHARGE UNDER SECTION 727(a)(10) AND DOES NOT IMPACT THE DEBTOR'S ABILITY TO OBTAIN A DISCHARGE UNDER SECTION 1328 OF THE BANKRUPTCY CODE NOR DOES IT IMPACT THE AUTOMATIC STAY UNDER SECTION 362.**

8. Upon entry of the order converting this case to Chapter 13, the United States Trustee's office will dispose of the adversary proceeding, case number 22-02010.

9. The Debtors have also agreed to provide timely tolling agreements to the Chapter 7 Trustee from the two parties against which the Chapter 7 Trustee has potential claims for preferential transfers as an added condition of confirmation of the Chapter 13 Plan.

10. After the entry of the Order Approving Waiver and the Order Converting to Chapter 13, the Adversary Proceeding will be disposed of by the US Trustee's Office.

WHEREFORE, Debtors request that the case be converted to one under Chapter 13 of the Bankruptcy Code.

DATED: April 21, 2022

_____/s/_____
E. Kent Winward
Abraham Smoot
Attorneys for Debtor

Fill in this information to identify your case:

Debtor 1  ___Cameron  Earl  Jensen___

Debtor 2  ___Angie  Nielson  Jensen___
(Spouse, if filing)

United States Bankruptcy Court for the  _District of Utah_

Case number _21-22711_

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed
_____

Official Form 113

**Chapter 13 Plan**                                                                                                                12/17

**Part 1:   Notices**

To Debtor(s): **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

To Creditor(s): **Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.**

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not included |

Official Form 113                             Chapter 13 Plan                             Page 1

Debtor _Cameron Jensen & Angie Jensen_                             Case Number _21-22711_

**Part 2:   Plan Payments and Length of Plan**

2.1   **Debtor(s) will make payments to the trustee as follows** :

$100.00 per Month for 17 months

$442.00 per Month for 18 months

$2502.00 per Month for 11 months

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2   Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

2.3   Income tax refunds.

*Check one*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income tax refunds as follows:

See Paragraph _10_ of Part 8.1

2.4   Additional payments.

*Check one:*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.
_____

2.5    The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is    $37,190.02.

## Part 3:   Treatment of Secured Claims

3.1    Maintenance of payments and cure of default, if any.
*Check One.*

☒ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

3.2    Request for valuation of security, payment of fully secured claims, and modification of under secured claims. *Check one.*

☒ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

3.3    Secured claims excluded from 11 U.S.C. § 506.
*Check One.*

☒ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

3.4    Lien avoidance.
*Check One.*

☒ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5    Surrender of Collateral.
*Check One.*

☒ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4:   Treatment of Fees and Priority Claims

4.1    General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2    Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be    10.00% of plan payments; and during the plan term, they are estimated to total $3,380.91.

4.3    Attorney's Fees
The balance of the fees owed to the attorney for the debtor(s) is estimated to be    $3,750.00.

4.4    Priority claims other than attorney's fees and those treated in § 4.5.
*Check one.*

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☒ The debtor(s) *estimate* the total amount of other priority claims to be $2000.00. (Chapter 7 Trustee Administrative Claim is included in Section 4.4)

4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than    full amount.
*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

[o] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see*  11 U.S.C. § 1322(a)(4).

| Name of Creditor | Estimated amount of Claim to be paid |
|---|---|
|  | $ |

## Part 5:   Treatment of Nonpriority Unsecured Claims

5.1    Nonpriority unsecured claims not separately classified.
Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☒ The sum of $30,000.00.

☐ % of the total amount of these claims, an estimated payment of   $

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately   $679,946.54. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.  *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

5.3   Separately classified nonpriority unsecured claims.  *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6:   Executory Contracts and Unexpired Leases

6.1   The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7:   Vesting of Property of the Estate

7.1   Property of the estate will vest in the debtor(s) upon  discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below.  *Check the applicable box to select an alternative vesting date:*

☐ plan confirmation.

☑ other: The income of the debtors shall remain property of the estate throughout the bankruptcy and not vest in the debtors pursuant to 11 U.S.C. Section 1327(b). The rest of the debtors' property will vest at the time of confirmation.

### Part 8:   Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☑ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*These plan provisions will be effective only if the applicable box in § 1.3 is checked.*

(1) Adequate Protection Payments. If the debtor seeks to pay Adequate Protection Payments to holders of secured claims in Part 3 above, the requirements of Local Rule 2083-1(d) apply and the attached Notice of Adequate Protection Payments will identify the collateral. Adequate Protection Creditors in Paragraphs 3.1, 3.2 and 3.3 will be shown in the attached NOTICE OF ADEQUATE PROTECTION PAYMENTS UNDER 11 U.S.C. § 1326 AND OPPORTUNITY TO OBJECT.

(2) Applicable Commitment Period. 36 months, unless otherwise indicated.

(3) Direct Payment of Claims. If the debtor elects to pay a claim directly and that claim is not one which the Plan allows to be paid directly, the direct payment designation will be listed below as a nonstandard provision. For all claims the debtor elects to pay directly, Local Rule 2083-2(i)(4) applies.  Claims to Be Paid Directly: Logan Cache Rich Credit Union (2011 Ford Explorer); Chase Bank (2013 Chevy Silverado 2500); US Bank (Fork lift, Mini-excavator)

(4) Third-Party Payment of Claims. If the Plan provides that a nondebtor shall pay a claim directly, the third-party payment designation will be listed below as a nonstandard provision. For all claims the Plan provides will be paid by a thirdparty, Local Rule 2083-2(k)(1) may apply. Upon request, the debtor must furnish the name and contact information for the third-party payor.  Claims to Be Paid by a Third Party:

(5) Lien Avoidance Under § 522(f). If the debtor moves to avoid a lien under §522(f), Local Rule 2083-2(j) applies.

(6) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

(7) Any order confirming this Plan shall constitute a binding determination that the Debtors have timely filed all of the information required by 11 U.S.C. § 521(a)(1).

(8) Any allowed secured claim filed by a taxing authority or governmental entity not otherwise provided for by this plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2(e), with interest at the rate set forth in the proof of claim or at 0  % per annum if no interest rate is specified.

(9) If the regular monthly payment in paragraph 3.1 is $0.00, the claim will be paid pro rata.

(10) Option 1 Tax Language (See Paragraph 2.3 for applicability):

The following tax years are proposed to be contributed 2020-2022 (2024 for above median cases).  On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns.  Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed. The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors. The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000.  However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority.  Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan Payments plus all annual tax refunds required to be paid into the plan.

For the first tax year contribution, the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount.  If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee.  The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund.  If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e).  If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case.  The Debtor shall contribute any refund attributable to overwithholding of wages that exceeds $1,000.

(11) Option 2 Tax Language (See Paragraph 2.3 for applicability):

For the next three tax years of  2020-22 for below median cases and the next five tax years 2020-2024 for above median creditors, Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section.[2019-21 or 2019-2023 are estimates only, counsel may stipulate to different years if appropriate.]  If in an applicable tax year the Debtors receive an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on their federal tax return, the Debtors may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtors shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the overall Plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan.

(12) If a regular monthly payment is not listed in paragraph 3.1 above, the payment being made on the secured debt can be found in Schedule J filed with the court.

(13)  If for any reason no box is checked in paragraph 2.2, the second box is the box that was intended to be checked.  Specifically, the Debtor(s) will make payments directly to the Trustee.

**Part 9:**     **Signatures**

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

/s/ Cameron Earl Jensen
Signature of Debtor 1

Executed on: 03/18/2022

/s/ Angie Nielson Jensen
Signature of Debtor 2

Executed on: 03/18/2022

/s/ Kent Winward
Signaure of Attorney for Debtor(s)

Executed on: 03/18/2022

**Signature(s) of Debtor(s)**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify( ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

**Exhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | |
|---|---:|
| a. Maintenance and cure payments on secured claims (Part 3, Section 3.1 total) | $0.00 |
| b. Modified secured claims (Part 3, Section 3.2 total) | $0.00 |
| c. Secured claims excluded from 11 U.S.C. § 506 (Part 3, Section 3.3 total) | $0.00 |
| d. Judicial liens or security interests partially avoided (Part 3, Section 3.4 total) | $0.00 |
| e. Fees and priority claims (Part 4 total) | $7,130.91 |
| f. Nonpriority unsecured claims (Part 5, Section 5.1, highest stated amount) | $30,059.11 |
| g. Maintenance and cure payments on unsecured claims (Part 5, Section 5.2 total) | $0.00 |
| h. Separately classified unsecured claims (Part 5, Section 5.3 total) | $0.00 |
| i. Trustee payments on executory contracts and unexpired leases (Part 6, Section 6.1 total) | $0.00 |
| j. Nonstandard payments (Part 8, total) | $0.00 |
| Total of lines a through j | $37,190.02 |